**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**CHAMBERS OF**
**STEPHANIE A. GALLAGHER**
**UNITED STATES DISTRICT JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-7780**
**Fax (410) 962-1812**

February 5, 2026

LETTER TO COUNSEL

  RE: *Charlene S. v. Commissioner, Social Security Administration*
     Civil No. SAG-23-1792

Dear Counsel:

  Theodore A. Melanson, Esq. has filed a motion requesting attorney's fees pursuant to the Social Security Act ("Act"), 42 U.S.C. § 406(b), in conjunction with his representation of Plaintiff before this Court. ECF 20. In response, the Social Security Administration ("SSA") asked this Court to consider whether Mr. Melanson's requested amount constitutes a reasonable fee. ECF 21. Mr. Melanson did not file a reply. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons set forth below, Mr. Melanson's motion for attorney's fees is GRANTED IN PART and DENIED IN PART.

  On March 20, 2024, this Court awarded Mr. Melanson $4,200.00 for 17.75 hours worked on Plaintiff's case in federal court, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF 17-7, 19. Plaintiff subsequently received an Award Notice, in which she was awarded past due benefits. ECF 20-3. The SSA withheld twenty-five percent of Plaintiff's past due benefits, amounting to $34,447.50. *Id.* at 4. Mr. Melanson filed a Motion for Attorney's Fees, seeking to collect that full amount. ECF 20. Mr. Melanson agrees to reimburse Plaintiff the $4,200.00 he received in EAJA fees. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

  The Act authorizes a reasonable fee for successful representation before this Court, not to exceed twenty-five percent of a claimant's total past-due benefits. 42 U.S.C. § 406(b). Although contingent fee agreements are the "primary means by which fees are set" in Social Security cases, a court must nevertheless perform an "independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In determining whether a request for attorney's fees under section 406(b) is reasonable, the Supreme Court has explained that a reviewing court may properly consider the "character of the representation and the results the representative achieved." *Id.* at 808. Importantly, the Supreme Court acknowledged that a contingent fee agreement would not result in a reasonable fee if the fee constituted a "windfall" to the attorney. *Id.* Courts may require the attorney to provide a record of hours spent working on the case, and the attorney's typical hourly billing charge. *Id.*

  Here, Mr. Melanson and Plaintiff entered into a contingent fee agreement, by which Plaintiff agreed to pay Mr. Melanson twenty-five percent of all retroactive benefits to which he might become entitled. ECF 17-4. In his previous motion for attorney's fees pursuant to the EAJA,

Mr. Melanson submitted an itemized report documenting the 17.75 billed hours he expended before this Court in Plaintiff's case. ECF 17-8. If Mr. Melanson receives the full amount of fees he requests, his fee for representation before this Court will effectively total $1,940.70 per hour. Mr. Melanson must therefore show that an effective rate of $1,940.70 per hour is reasonable for the services he rendered. *See Gisbrecht*, 535 U.S. at 807.

Notably, Mr. Melanson's requested fee results in more than five and a half times his stated hourly billing rate of $350, ECF 20-4 at 3, and more than six times his hourly rate at the time of work, $300, ECF 17-7. Although it is customary in Social Security cases for courts to approve significantly higher rates, Mr. Melanson's requested rate exceeds the typical rates awarded by courts in the Fourth Circuit for attorney's fees in successful Social Security appeals, even to attorneys with more experience. Hourly rates exceeding $1,000 are the exception, not the rule. While this Court notes Mr. Melanson's effective performance and the substantial past-due benefit award to his client, Mr. Melanson's request for $34,447.50 for 17.75 hours in this case would result in a windfall. Instead, this Court finds that an award of $24,850.00, amounting to an hourly rate of $1,400.00—four times Mr. Melanson's current hourly rate, would adequately compensate Mr. Melanson for the time that he spent on this case in this Court. *See Hunter v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-15-3758, 2017 U.S. Dist. LEXIS 221544 (D. Md. Nov. 16, 2017) (approving contingency fee agreement with hourly rate of $1,140.41, while noting that the requested rate was "slightly more than triple the top hourly rate" for an attorney with eleven years of experience).

For the reasons set forth herein, this Court GRANTS IN PART and DENIES IN PART Mr. Melanson's request for attorney's fees, ECF 20. This Court will award Mr. Melanson attorney's fees totaling $24,850.00, and Mr. Melanson should reimburse to Plaintiff the $4,200.00 he received pursuant to the EAJA.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge